## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DESTANY ELIE,

      Plaintiff,

v.

CASE NO: 6:24-CV-1967

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,

      Defendant.

## COMPLAINT

PLAINTIFF, DESTANY ELIE, hereby sues DEFENDANT, SCHOOL

BOARD OF ORANGE COUNTY, FLORIDA (hereinafter, "Defendant School

Board"), a subdivision of the State of Florida, and in support, states the following:

## INTRODUCTION

1.      During June 2020 through February 2022, Cameron Burke (hereinafter

"Burke"), who was employed by Defendant School Board as a computer technician

and teacher, sexually abused and corrupted PLAINTIFF on numerous occasions on

and off of the property of Oak Ridge High School while PLAINTIFF was under the

care and supervision of Defendant School Board.

2.      In July 2020, when PLAINTIFF was fifteen years old and had recently

finished her freshman year at Oak Ridge High School, Burke kissed PLAINTIFF on

an elevator at Oak Ridge High School.

3.      On or about September 7, 2020, Burke initiated physical sexual contact

with PLAINTIFF. For the next eighteen months, Burke sexually abused PLAINTIFF

at various locations on and off of Oak Ridge High School property, including but not limited to Burke's school office, various classrooms, and Burke's vehicle. Burke's sexual abuse consisted of but was not limited to sexual intercourse.

4.      Between September 2020 and May 2021, Burke sexted PLAINTIFF numerous times.

5.      Between September 2020 and May 2021, Burke pressured PLAINTIFF to smoke cannabis and get high with him. More than one, Burke took PLAINTIFF to a dispensary to purchase marijuana.

6.      On or about May 6, 2021, Burke physically forced PLAINTIFF to submit to sexual intercourse.

7.      Between September 2020 and December 2020, Oak Ridge High School failed to supervise students, and that lack of oversight provided opportunities for Burke to sexually abuse PLAINTIFF.

8.      Oak Ridge High School allowed Burke to block off the windows in his school office, including the window in the door, with poster paper and poster boards.

9.      Oak Ridge High School allowed Burke to limit his classroom visibility by putting up multiple poster boards across the classroom's door and glass wall.

10.     Numerous teachers, football coaches, and other students noticed that Burke spent a lot of time alone with PLAINTIFF in his office and classroom, but no one questioned or stopped this highly suspicious behavior.

11.     In January 2021, PLAINTIFF'S sister emailed Oak Ridge High School's principal to express her concerns about Burke spending time alone with PLAINTIFF

on school property during winter break, which was a violation of school policy. Instead of investigating the matter thoroughly, Oak Ridge High School's principal merely talked to Burke, PLAINTIFF, and PLAINTIFF'S family members. Instead of holding Burke responsible for violating school policy, the principal reprimanded PLAINTIFF.

12.     Although Burke's sexual abuse and corruption ended in May 2021 when PLAINTIFF confronted him, PLAINTIFF did not report his abuse because she was afraid she would not be believed.

13.     In March 2022, PLAINTIFF told her Oak Ridge High School social worker and the social worker's supervisor about Burke's sexual abuse and corruption. Shortly thereafter, Burke was arrested and prosecuted.

## PARTIES

### A. Plaintiff

14.     DESTANY ELIE is a resident of Florida. At all relevant times, DESTANY ELIE was between fifteen and seventeen years old and was a student at Oak Ridge High School.

### B. Defendant

15.     DEFENDANT, the School Board of Orange County, Florida ("School Board"), is a government entity in Orange County, Florida. Oak Ridge High School is an educational institution that receives federal financial assistance.

16.     Oak Ridge High School is located at 700 W. Oak Ridge Rd., Orlando, FL 32809 and, at all times material to this Complaint, was a public high school within the domain and jurisdiction of the Orange County School Board.

17.     The School Board operates and maintains Oak Ridge High School.

18.     PLAINTIFF was a student at Oak Ridge High School at all times material to this Complaint.

## JURISDICTION AND VENUE

19.     The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367, 42 U.S.C. § 1983 and 20 U.S.C. § 1681(a).

20.     The Court has venue of this action under 28 U.S.C. § 1391 as Defendant School Board is located in this District and a substantial part of the events and omissions giving rise to the claim occurred in this District.

21.     This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because all the other pendent claims are related to the claims with original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

22.     All conditions precedent to bringing the state law claims in this lawsuit have been satisfied and/or waived. On or about August 22, 2023, PLAINTIFF served a letter pursuant to § 768.28, Florida Statutes to School Board of Orange County, formally advising the School Board as to PLAINTIFF'S negligence claim arising from the assaults described in the lawsuit. The statutory waiting period for PLAINTIFF to assert a negligence claim against the School Board of Orange County has since expired.

## FACTUAL ALLEGATIONS

23.     At all relevant times to this lawsuit, PLAINTIFF attended high school at

Oak Ridge High School.

24.     At all relevant times to this lawsuit, Burke was employed by the Orange County School District and worked at Oak Ridge High School as a school computer technician and teacher who taught Career Technology and Computer Technology.

### *Repeated Sexual Abuse and Corruption of PLAINTIFF*

25.     In June 2020, Burke asked PLAINTIFF, along with other students, to help him install software and fix computers so that the devices would be ready for teachers and students the following year. While PLAINTIFF was on school property assisting Burke, Burke told her PLAINTIFF that he liked her. In July 2020, while PLAINTIFF was on school property assisting Burke, he kissed her as they were getting onto an elevator.

26.     In September 2020, PLAINTIFF, who was a fifteen-year-old sophomore, was enrolled in Burke's Career Tech Internship class. During the COVID-19 pandemic, Oak Ridge High School did not allow students to attend class as they typically did. PLAINTIFF was required to sit in the auditorium with the football team, two sports managers, and the football coaches, who were also Oak Ridge High School employees. The football coaches allowed students to leave for long periods of time without knowing or checking their whereabouts. This lack of oversight gave Burke the opportunity to isolate PLAINTIFF in his office on the school property for much of the day.

27.     Burke began inviting PLAINTIFF to meet with him alone in his school office at all times and days during school hours and when school was not in session.

Burke's office was located immediately off of the school library. Though his office had windows that looked out onto the library, Burke had blocked off the windows, including the window in the door, with poster paper and poster boards.

28.    On or about September 7, 2020, Burke initiated sexual contact with PLAINTIFF in his school office. This included but was not limited to sexual intercourse. PLAINTIFF estimates that Burke had sexual intercourse with her 25 to 30 times between September 2020 and May 2021. Burke's sexual abuse occurred in his school office, in his classroom, and in his vehicle during school hours, after school hours, and during school vacations.

29.    Between September 2020 and May 2021, Burke sent PLAINTIFF innumerable sexually explicit texts and notes.

30.    On or about September 2020, during school hours, Burke took PLAINTIFF to a dispensary to purchase marijuana. Burke pressured PLAINTIFF to smoke cannabis and "get high" with him. Between September 2020 and May 2021, Burke continued to take PLAINTIFF to a dispensary to purchase marijuana and pressured PLAINTIFF to "get high" with him approximately two to four times a week on school days. Burke purchased weed pens and a jar for PLAINTIFF to keep marijuana in.

31.    Oak Ridge High School teachers, football coaches, and students noticed that Burke was spending a lot of time alone with PLAINTIFF in his school office and classroom. On more than one occasion, teachers asked PLAINTIFF if she was Burke's daughter. None of those teachers questioned or stopped Burke's highly suspicious

behavior.

32.     On or about December 28, 2020, during Oak Ridge High School's winter break, Burke asked PLAINTIFF to meet him in his office, telling her that he needed help updating the computers. Burke offered PLAINTIFF marijuana and sexually abused her again. It was a violation of school policy for students to be on campus during winter break. PLAINTIFF'S sister texted PLAINTIFF to find out where she was. Upon learning this, Burke immediately contacted another student and asked him to come to the office to help, so that PLAINTIFF'S sister would not learn that PLAINTIFF was there alone with Burke.

33.     In January 2021, PLAINTIFF'S sister, who had grown increasingly suspicious of Burke's behavior, emailed the Oak Ridge High School principal to express her concerns that Burke was alone with PLAINTIFF on campus during a time when the school was supposed to be closed. The principal did not investigate the matter thoroughly but only talked to Burke, PLAINTIFF, and PLAINTIFF'S family. Furthermore, the principal did not hold Burke accountable for violating the school policy but reprimanded PLAINTIFF for breaking a school rule. The principal did nothing to stop Burke from spending time alone with PLAINTIFF, which enabled him to continue to sexually abuse PLAINTIFF, albeit with more caution regarding when and where his abuse took place.

34.     Other Oak Ridge High School students experienced Burke's inappropriate behavior. For example, at a high school basketball game, one of PLAINTIFF'S classmates told her that Burke "tried to get at her." Another time,

Burke told PLAINTIFF that he could have dated another Oak Ridge High School student if that student was not already dating someone else.

35.    On or about May 6, 2021, Burke physically forced PLAINTIFF to have sexual intercourse with him. PLAINTIFF pushed Burke away, but he would not stop. A few days later, Burke forced PLAINTIFF to have sexual intercourse with him again.

36.    Burke's continuous sexual abuse and corruption caused PLAINTIFF to be unable to eat, to be severely depressed, and to engage in self-harm. After these two forcible sexual assaults, PLAINTIFF began to recognize that what Burke had done to her was very wrong. PLAINTIFF recorded Burke telling her, "Maybe I shouldn't have taken advantage of you in [my office]." On or about May 12, 2021, PLAINTIFF again recorded a conversation with Burke. Burke once again pressured PLAINTIFF to have sexual intercourse with him. PLAINTIFF made efforts to distance herself from Burke.

37.    After the recordings, PLAINTIFF was afraid to tell the Oak Ridge High School social worker about Burke's abuse because PLAINTIFF did not think she would be believed.

38.    On or about February 2022, PLAINTIFF confronted Burke. PLAINTIFF told Burke that he had groomed her and that what he had done to her was wrong. After that, Burke and PLAINTIFF never spoke again.

39.    On or about March 2022, PLAINTIFF'S Oak Ridge High School social worker noticed that PLAINTIFF was struggling with depression and self-harm. The social worker began to ask PLAINTIFF more probing questions. PLAINTIFF shared enough to raise the social worker's suspicions. The social worker brought in her

supervisor, and PLAINTIFF told them about the abuse perpetrated by Burke.

40.     As a result of these repeated assaults and batteries, PLAINTIFF has suffered and will continue to suffer damages, including but not limited to loss of educational opportunities, physical harm, severe emotional and psychological harm, pain and suffering, and loss of enjoyment of life.

41.     PLAINTIFF has retained the undersigned counsel and has agreed to pay reasonable attorneys' fees.

**COUNT I**
**(Violation of 42 U.S.C. § 1983 - Against Defendant School Board)**

42.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1-41 as if fully set forth herein.

43.     During all relevant times to this complaint, Defendant School Board, an agency of the State of Florida, was acting under color of state law.

44.     This is a civil rights action for monetary damages against Defendant School Board pursuant to 42 U.S.C. § 1983 for deprivation of PLAINTIFF'S constitutional civil rights and her Fourteenth Amendment substantive due process liberty interest.

45.     The Fourteenth Amendment liberty interest includes PLAINTIFF'S constitutional right to be free from sexual abuse.

46.     Defendant School Board had actual or constructive knowledge through notice to an appropriate senior official, the Oak Ridge High School principal that Burke was engaged in conduct that was in violation of the School Board's Standards

9

of Ethical Conduct Policy during the abusive conduct to PLAINTIFF that created a reasonably foreseeable risk of harm.

47.     Burke's conduct was tantamount to arbitrary, egregious, and conscience-shocking behavior.

48.      Defendant School Board's lack of response to its actual or constructive knowledge regarding Burke's misconduct toward PLAINTIFF demonstrated recklessness, deliberate indifference to PLAINTIFF'S constitutional rights, and tacit authorization of the misconduct by Burke.

49.     Defendant School Board was at all relevant times a final policymaker, with authority to decide and/or adopt a course of action in response to conduct by Burke.

50.     Upon information and belief, at all relevant times Defendant School Board had a custom and/or practice of inaction and being non-responsive to information that an employee or agent of the School Board, to-wit: Burke was meeting alone with a student every day in an office with the windows blocked; Burke was meeting alone with a student every day in his classroom with the view into the classroom blocked; and Burke was meeting with students on campus during breaks when students were not allowed to be on campus.

51.     Defendant School Board acted with deliberate indifference in the gross failure to adequately address and investigate prior acts of misconduct by Burke.

52.     The practice or custom of being non-responsive to prior misconduct by Burke was established with deliberate indifference to the consequences.

53.     Upon information and belief, at all relevant times, Defendant School Board failed to have a policy regarding teacher conduct with students or failed to implement its policy regarding teacher conduct with students.

54.     Upon information and belief, at all relevant times, Defendant School Board had a custom and/or practice of neglecting to train and failing to adequately supervise its employees, including Burke.

55.     Burke was an Oak Ridge High School teacher, yet he had never been trained on the approved policies of the School Board permitted to be alone with students.

56.     The practice and/or custom of not training or supervising the employees was established with deliberate indifference to the consequences.

57.     Defendant School Board's practice and/or custom of inaction to its actual or constructive knowledge of Burke's actions and the lack of training affirmatively caused PLAINTIFF'S injuries.

WHEREFORE, PLAINTIFF respectfully requests that this Court award her compensatory damages, including damages for physical, emotional, and psychological pain and suffering, psychological treatment, mental anguish, loss of enjoyment of life, reasonable attorney's fees, costs incurred in connection with this litigation, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Negligence - Against Defendant School Board)

58.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1-57 as if fully set forth herein.

59.     All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

60.     At all material times, PLAINTIFF was a student at Oak Ridge High School, which is under the supervision, direction and control of Defendant School Board.

61.     Defendant School Board owed a duty to protect the safety of the minors who attended Orange County Public Schools and were entrusted in its care from foreseeable harm on school grounds and during school related activities.

62.     At all material times, Defendant School Board owed a duty  to use reasonable   care   to protect the safety, care, well-being and health of minor PLAINTIFF while she was under its care and custody. These duties encompassed the protection and supervision of PLAINTIFF, and otherwise providing a safe environment for PLAINTIFF while on school premises.

63.     At all material times, Defendant School Board had a duty to reasonably supervise the activities of Burke as an employee of School Board of Orange County, as well as investigate and evaluate his background, character fitness, and suitability to have access to children in the School Board's care.

64.     At all material times, Defendant School Board had a duty to take steps

to ensure Burke was safe around students while at the school, and to institute disciplinary measures, as well as training, to deter further misconduct if it became known.

65.     Upon information and belief, Defendant School Board breached its duty in hiring, training, and/or supervising Burke in the following respects:

      a.  Defendant School Board failed to properly train Burke regarding interactions with children;

      b.  Defendant School Board failed to properly supervise Burke; and/or

      c.  Defendant School Board failed to intervene, deter, or discipline when there was evidence of prior incidents of harmful conduct perpetrated by Burke upon PLAINTIFF.

66.     Defendant School Board's conduct in allowing Burke to have access to and supervision over children in the Orange County schools was unreasonable under the circumstances and shows a reckless disregard of the safety and welfare of the minors in whose care Defendant School Board was entrusted.

67.     As a direct and proximate result of Defendant School Board's acts and/or omissions, PLAINTIFF has suffered physical, emotional, and psychological harm, pain and suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff DESTANY ELIE respectfully requests that this Court award her compensatory damages, including physical, emotional, and psychological pain and suffering, psychological treatment, mental anguish, loss of enjoyment of life, and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury of all issues triable as a matter of right.

**DATED: October 31, 2024**

/s/ *Basyle J. Tchividjian*
BASYLE J. TCHIVIJDIAN
FLORIDA BAR NO.: 0985007
**BOZ LAW, P.A.**
112 W. New York Ave., Suite 207
DeLand, FL 32720
(386) 682-5540
boz@bozlawpa.com

/s/ *DeLayne Penland*
DELAYNE PENLAND
FLORIDA BAR NO.: 1024836
**NEJAME LAW, P.A.**
111 N. Orange Ave., Suite 1525
Orlando, FL 32801
(407) 500-0000
delayne@nejamelaw.com

*Attorneys for Plaintiff Destany Elie*

14